UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ROSA RIOS, *et al.*,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>NEVADA CVS PHARMACY, LLC, *et al.*,<br><br>　　　　　Defendants. | Case No. 2:23-cv-01108-RFB-NJK<br><br>**ORDER** |

　　　　Before the Court is Defendant Nevada CVS Pharmacy LLC's ("CVS") Motion for Summary Judgment (ECF No. 52). For the following reasons, Defendant's motion for summary judgment is granted.

**I.　　PROCEDURAL HISTORY**

　　　　On June 15, 2023, Plaintiffs filed a complaint in state court. See ECF No. 1-1. Plaintiffs alleged four causes of action: (1) wrongful death due Defendants' negligence, (2) negligence/premises liability, (3) negligent security, (4) negligent hiring, and (5) loss of consortium as a result of Defendants' negligence. On July 17, Defendants removed the case to federal court. See ECF No. 1. On December 23, 2024, Defendants filed a Motion for Summary Judgment. See ECF No. 52. The next day, they filed an accompanying declaration. See ECF No. 53. On December 26, Defendants Las Vegas Pharmacy DST, Pharmacy Portfolio IV Exchange, LLC, and Inland Private Capital Corporation joined the Motion for Summary Judgment. See ECF No. 54. The Motion was briefed by April 17, 2025. See ECF Nos. 61, 66. On June 18, the Court held a hearing on the Motion. See ECF No. 69.

　　　　The Court's Order follows.

## II.   FACTUAL BACKGROUND

The Court makes the following findings of undisputed and disputed facts.

### A. Undisputed Facts

This matter arises from a battery against Alejandro Rios that occurred at or near a CVS Pharmacy located at 2935 South Hollywood Boulevard in Las Vegas, Nevada. The incident occurred on Wednesday June 16, 2021, at 8:30am. Mr. Rios died six months later. While CVS maintained security cameras, none of them captured the incident. Officer David Plascencia, a Las Vegas Metropolitan Police Officer, has patrolled the Southeast Area Command for six-and-a-half years. During his time patrolling this area, Officer Plascencia has responded to calls at the subject CVS premises between five-to-ten times. Of these calls, only one involved a violent crime, and it was the incident involving Mr. Rios. All other calls to which Officer Plascencia responded at this location involved non-violent property crimes such as petty larceny. Prior incident reports maintained by CVS document only slip and fall incidents at this location. Between September 28, 2020, and February 8, 2021, the property management company for the subject premises received three specific reports from CVS regarding security concerns. These reports detailed: (1) activity occurring in the parking lot after hours; (2) homeless individuals engaging in rummaging through dumpsters, necessitating the need for a dumpster enclosure; and (3) ongoing dumpster-related issues including a broken gate and a fire. CVS maintained regular security measures at the subject premises. The property's landscape and lighting were consistently maintained, and CVS employed security cameras for outside surveillance of the property.

### B. Disputed Facts

The Parties dispute whether the area where the incident occurred is Defendant CVS's property. Officer David Plascencia was dispatched to a battery call located at 2935 South Hollywood Boulevard, the location of Defendant CVS's store. Officer Plascencia stated that the ditch where the assault occurred is an "adjacent desert area right next to that parking lot." The police report states that the decedent was "in the parking lot of the above address and heard a male yelling for help in the dessert area just South of the parking lot" before being pushed into a ditch. In Defendants' responses to Plaintiffs' first set of requests for admission, CVS provided that Rios

was injured "at or near the subject premises on the date in question." Robert Gardner's Expert Report provides that the assault occurred "at the edge of Defendant's parking lot[.]" Tommy Burns' Expert Report states that "[t]he incident is believed to have occurred in the southeast parking lot area."

### III. LEGAL STANDARD

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

When considering the propriety of summary judgment, the court views all facts and draws all inferences in the light most favorable to the non-moving party. See Gonzalez v. City of Anaheim, 747 F.3d 789, 793 (9th Cir. 2014). If the movant has carried their burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007) (alteration in original) (internal quotation marks omitted). It is improper for the Court to resolve genuine factual disputes or make credibility determinations at the summary judgment stage. See Zetwick v. Cnty. of Yolo, 850 F.3d 436, 441 (9th Cir. 2017) (citations omitted).

### IV. DISCUSSION

The Court now turns to the merits of Defendants' Motion for Summary Judgment. The Parties address Plaintiffs' claims together as negligence claims, and the Court sees no need to do otherwise. A plaintiff alleging negligence must demonstrate "(1) the existence of a duty of care, (2) breach of that duty, (3) legal causation, and (4) damages." Sanchez v. Wal–Mart Stores, 221 P.3d 1276, 1280 (Nev. 2009). Defendant CVS contends that it cannot be held liable on a theory of negligence because it did not owe any duty of care, emphasizing that it did not own or control the area where the deceased was assaulted. Plaintiff argues that the attack occurred on property owned by CVS. Whether a defendant owes a plaintiff a duty of care is a question of law. See Scialabba v. Brandise Const. Co., 921 P.2d 928, 930 (Nev. 1996).

Under the common law, there is no duty to control a third party's dangerous conduct, warn others, or protect another from a criminal attack. See Sanchez, 221 P.3d at 1280–81; see also PetSmart, Inc. v. Eighth Jud. Dist. Ct. in & for Cnty. of Clark, 499 P.3d 1182, 1187 (Nev. 2021) ("The common law generally does not impose a duty of care to control the dangerous conduct of another or to warn others of the dangerous conduct."); Sparks v. Alpha Tau Omega Fraternity, Inc., 255 P.3d 238, 244 (Nev. 2011) ("Generally, no duty is owed to control the dangerous conduct of another."). The Nevada Supreme Court, however, has stated that, where a special relationship exists between the parties, such as with an innkeeper-guest, teacher-student or employer-employee, an affirmative duty to aid others in peril is imposed by law.[1] See Lee v. GNLV Corp., 22 P.3d 209, 212 (Nev. 2001). Likewise, the Nevada Supreme Court has held that a party who is in control of the premises is required to take reasonable affirmative steps to aid the party in peril. See id. (internal citations omitted). Thus, a special relationship exists where a party's ability to protect himself is limited in some way because he has submitted to the control of another party. See Scialabba, 921 P.2d at 930. "In the absence of this degree of control, there is no special relationship giving rise to a duty of reasonable care." Sparks, 255 P.3d at 244.

Therefore, whether or not Defendant CVS owed Plaintiffs a duty depends on whether there was a special relationship. If the deceased was not a customer or the assault did not occur on property owned by CVS, then there was no special relationship. See Sanchez, 221 P.3d at 1279 (finding no duty because no special relationship existed between a pharmacy and a third-party); Flaherty v. Wells Fargo Bank Nat'l Ass'n, 623 F.Supp.3d 1124, 1128–29 (D. Nev. 2022) (finding no duty because no special relationship existed between Wells Fargo and a non-customer). The location of Mr. Rios' assault remains in dispute. Neither party has presented the Court with evidence establishing that the ditch at issue was or was not part of CVS's property. However, even if the attack occurred on property owned by CVS, there is not sufficient evidence in the record that the deceased submitted himself to CVS's control. See Flaherty, 623 F.Supp.3d at 1129

---

[1] The Nevada Supreme Court has held that special relationships giving rise to a duty of care include, but are not limited to, those between "an innkeeper-guest, teacher-student [and] employer-employee," as well as "a restaurateur and his patrons." Lee v. GNLV Corp., 22 P.3d 209, 212 (Nev. 2001). Other courts have also recognized "landowner-invitee, businessman-patron . . . school district-pupil, hospital-patient, and carrier-passenger" relationships. Scialabba, 921 P.2d at 930.

("Moreover, in instances where the Nevada Supreme Court found a special relationship, including innkeeper-guest, teacher-student, employer-employee, and restaurateur-patrons, one party submitted itself to control by the other party or one party exerted control over the other party."); see also Sparks, 255 P.3d at 246; Scialabba, 921 P.2d at 930 (citations omitted). The deceased had left CVS at the time of the attack and was, at most, on the edge of the parking lot.

Further, even if the Court were to find that the assault occurred on CVS's property such that CVS exercised sufficient control over the decedent to establish a special relationship, the Court finds that this assault was not foreseeable and Plaintiffs have failed to establish their claims, which all derive from negligence.

The Nevada Supreme Court established that "a landowner owes a duty to use reasonable care to keep the premises in a reasonably safe condition for use. However, the duty to protect from injury caused by a third person is circumscribed by the reasonable foreseeability of the third person's actions[.]" Scialabba, 921 P.2d at 930. Therefore, a duty of care only arises when "(1) a special relationship exists between the parties . . . , and (2) the harm created by the defendant's [or third party's] conduct is foreseeable." Skworzec v. GKT II, 129 Nev. 1152, 2013 WL 7155017, at 2 (2013) (unpublished table decision); see also Flaherty, 623 F.Supp.3d at 1128 ("[T]here is an exception when a special relationship exists between the parties and the harm caused by the third-party's conduct is foreseeable.")

Further, NRS 651.015(2)(a) states that innkeepers owe a duty of care for on-premises injuries caused by third parties when "[t]he wrongful act which caused the death or injury was foreseeable." "The court shall determine as a matter of law whether the wrongful act [referred to in NRS 651.015(2)(a)] was foreseeable . . . ." NEV. REV. STAT. ANN. § 651.015(2) (West 2025). "If an injury is unforeseeable, then the innkeeper owes no duty, and the district court has no occasion to consider the remaining elements of the plaintiffs cause of action . . . ." Est. of Smith v. Mahoney's Silver Nugget, Inc., 265 P.3d 688, 690 (Nev. 2011). For the purposes of determining duty under NRS 651.015(2)(a), NRS 651.015(3) provides that an incident may be foreseeable in two distinct ways: (a) the owner or keeper failed to exercise due care for the safety of the patron or other person on the premises; or (b) prior incidents of similar wrongful acts occurred on the

premises and the owner or keeper had notice or knowledge of those incidents. See also Humphries v. N.Y.-N.Y. Hotel & Casino, 403 P.3d 358, 361 (Nev. 2017).

Here, the only evidence in the record establishes that Defendant CVS was on notice that there were people experiencing homelessness around the location and that there was activity after hours. This is not sufficient for them to be on notice of potential violent activity, such as this deadly assault. Instead, the record reflects that people experiencing homelessness were going through the trash, but not that they were engaging with individuals visiting CVS. Cf. Humphries, 403 P.3d at 362 ("The record reflected numerous fistfights and robberies inside the casino, two reports of firearms being brandished in the casino parking lot, and one report of shots fired near the parking lot."). The record also reflects that Defendant CVS would check to confirm the lights were functioning and were working to address the trash issue, but not that they were on notice of potential violence or attacks. See e.g., PetSmart, Inc., 499 P.3d at 1187 ("Nothing in the record suggests that PetSmart knew about Chip's aggressive tendencies, much less undertook affirmative steps to prevent the type of harm that ensued."). Therefore, the Court finds that Mr. Rios' attack was not reasonably foreseeable, and CVS did not owe a duty of care.

V.   **CONCLUSION**

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment (ECF No. 52) is **GRANTED.**

The Clerk of Court is instructed to close this case.

**DATED:** September 29, 2025.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**